# United States District Court
# District of New Hampshire

U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED

2014 JAN 21  P 12: 38

Ivan Mosi Pickens
_____
Plaintiff

v.

William Wrenn, et al
_____
Defendant(s)

Civil Action No. ___14-fp-28___
(To be provided by Clerk's Office)

**TO BE COMPLETED BY PLAINTIFF**
(Check One Only)
( ✓ ) DEMAND FOR JURY TRIAL
( __ ) NO JURY TRIAL DEMAND

## COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C § 1983

I.  <u>Parties</u>

A.  Please provide the following information for each plaintiff:

1. Name __Pickens_____ __Ivan_____ __M____
      (Last)              (First)           (Initial)

2. Place of Detention __Northern State Prison_____

3. Institutional Address __168 Frontage Rd_____
   __Newark NJ 07114_____

4. Are you incarcerated pursuant to a pretrial detention order or are you a sentenced inmate?

      ☐ Pretrial Detention Order
      ☑ Sentenced Inmate

5. Date pretrial detention order was issued or sentence imposed __02-20-08__

USDCNH-11 (Rev. 5/13)(previous editions obsolete)              Page 3

B. Please provide the full name, current title and address known for each defendant:

1. Name _____Wrenn_____William_____
                (Last)              (First)              (Initial)

2. Title _Commissioner of New Hampshire Dept. of Corr's

3. Address _____Pleasant St_____
     _____Concord NH 03302_____

(If the complaint is being made against more than one defendant, please attach additional sheets listing the above information and allegations as follows.)

II.   Statement of Claim

For each claim, please include the following information on attached sheets:

1. State which of your federal constitutional or federal statutory rights have been violated.

2. State which defendant(s) have violated that particular right for each allegation.

3. State, with specificity, the facts and circumstances that gave rise to the violations or deprivations alleged.

4. State the harm or damage that resulted from the alleged violation or deprivation.

Allegation 1: _____See Attachments_____
_____

Supporting *Facts*:

Allegation 2: _____ *See Attachments* _____

Supporting *Facts*:




Allegation 3: _____ *See Attachments* _____

Supporting Facts:




(If more space is needed to explain any allegation or to list additional facts, attach additional pages)


III.   Relief

You must request specific relief in your Complaint.  State briefly exactly what you want the court to do for you (attach additional pages if necessary):

*See Attachments*


Date: 12 - 18 - 13                                    _____
                                                                          Signature of Plaintiff

State of New Hampshire        ]
                              ]        ss
County of _____   ]


_____, being first duly sworn, upon oath, presents that (s)he has read and subscribed to the foregoing complaint, and states that the information contained therein is true and correct.


Subscribed and sworn before me this _____ day of _____, 20____..


_____
                                Notary Public/Justice of the Peace


| **O R** |
| --- |


        I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING INFORMATION IS TRUE AND CORRECT.

____12 - 18 - 13____          _____
        DATE                                  SIGNATURE


### JURY TRIAL DEMAND

    I demand a jury trial for all claims for which a jury trial is allowed.

    YES (✓)    NO (__)
    **(check one only)**

Date: 12 - 18 - 13          _____
                                    Signature of Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED

2014 JAN 21  P 12: 38

IVAN MOSI PICKENS,
  Plaintiff,      :
           :
           :
  v.         : Civil Action No.
           :
WILLIAM WRENN, J. MASSE,  :
C.O. OLIVER, JOHN/JANE DOE(S) :
1-10, each defendant is sued  :
in his/her individual and  :
official capacity,     :
    Defendant(s).   :

## COMPLAINT/DEMAND FOR JURY TRIAL

### I. JURISDICTION

1. Plaintiff brings this lawsuit pursuant to 42 U.S.C. § 1983. This Court has jurisdiction under 28 U.S.C. §§ 1331 & 1343. Plaintiff also seeks a declaratory judgment pursuant to 28 U.S.C. § 2201.

### II. VENUE

2. The District of New Hampshire is an appropriate venue under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

### III. PARTIES

3. Plaintiff, Ivan Pickens, was at all material times mentioned in this complaint, an inmate #79520 committed to the care and custody of the New Hampshire Department of Corrections ("NHDOC"), housed at Northern Correctional Facility ("NCF") located in State of New Hampshire.

4.     Defendant, William Wrenn, ("Comm. Wrenn"), was at all material times mentioned in this complaint, Commissioner of NHDOC and was acting under the color of federal and state law. By statute the commissioner is responsible for ensuring the safety and well-being of prisoners under his custody. He is sued in his individual and official capacity.

5.     Defendant, C.O. Oliver, ("CO Oliver"), was at all material times mentioned in this complaint, an Correctional Officer at Northern Correctional Facility ("NCF") and was acting under the color of federal and state law. He was the Unit Officer in charge of opening/closing inmates cell doors, housed on the close custody unit ("CCU") at NCF, where plaintiff was housed and was responsible for ensuring the safety and well being of inmates housed on CCU. He is sued in his individual and official capacity.

6. Defendant, J. Masse ("Lt. Masse"), was at all material times mentioned in this complaint, an Lieutenant at NCF, and was acting under the color of federal and state law. He was the Unit Commander in charge of the close custody unit at NCF and was responsible for supervising co-defendants. He is responsible for ensuring the safety and well being of inmates housed on CCU, such as plaintiff and is sued in his individual and official capacity.

7.     Defendant(s), John/Jane Doe(s) 1-10 ficticious names, real names unknown, are individuals of other entities, who performed, directed, instructed, ordered or otherwise responsible for ensuring the safety and well-being of inmates housed at

NCF where the Plaintiff was housed, and whose identities are not known to the plaintiff at this time. Each John/Jane Doe(s) is sued in his/her individual and official capacity.

### IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. Plaintiff has exhausted his Administrative remedies where submitting appropriate inmate request slips and grievance form to NHDOC Officials as follows:

    a)   On 8-25-11, plaintiff, submitted an Inmate Request Slip, to make a complaint concerning the assault on the plaintiff that occurred on 8-9-11. (Attached to complaint, marked as Exhibit A, is a true and correct copy of Inmate Request Slip dated 8-25-11).

    b)   On 9-23-11, plaintiff, submitted an Grievance Form to Comm. Wrenn stating: "On 8-9-11 while in CCH the CO opened my cell so the inmates could make me the victim of a hate crime. I was vicioulsy and savagely attacked/assaulted by a group of inmates (white racist gang-members). It could've been prevented. Instead the CO worked in cohoots with the inmates by opening my cell so they could do what they did." (Attached to complaint marked as Exhibit B is a true and correct copy of Grievance Form dated 9-23-11).

    c)   On September 30, 2011, plaintiff, was placed in Administrative Review Status pending: Transfer. Plaintiff was moved to Special Housing Unit ("SHU")

upon specific details: "Inmate has pled guilty to threatening staff and inmates. He was assaulted by BOWW [Brothers of White Warriors] and has vowed retailiation. Mental Health states he will carry out this threat. He cannot be safely housed at NCF". (Attached to Complaint marked as Exhibit C is a true and correct copy of State of New Hamshire, Dept. of Corrections, PAR Notification and Review Form).

d) Upon information and belief, plaintiff, believes NHDOC knew or should have known that the plaintiff was in danger of being assaulted prior to the assault that occurred on 8-9-2011. (Evidence to be presented upon completion of discovery).

## V. FACTUAL ALLEGATIONS

9. On or about August 9, 2011, Plaintiff, was being housed on the Close-Custody Unit ("CCU") at NCF.

10. August 9, 2011, CO Oliver was the Unit Officer on CCHU, he was in charge of opening/closing inmates cell doors for medication, including the Plaintiff's cell door.

11. Inmate, Jonathan Stafford, was also housed on CCHU, he was housed on a different tier from where the Plaintiff was housed.

12. Upon information and belief, Jonathan Stafford was a member of BOWW. (Attached hereto, at Exhibit C).

13. On August 9, 2011, during medication call-out, CO

Oliver, opened Plaintiffs door for medication call-out. Plaintiff was not on the list to have his cell door opened for medication.

14. Plaintiff went to the area where CO Oliver was located to inform him that he (Plaintiff) did not receive medication and plaintiff then returned to his cell.

15. Upon returning to his cell, Plaintiff was assaulted by Jonathan Stafford and other unknown members of BOWW.

16. Upon information and belief, CO Oliver, opened Jonathan Staffords' cell door, including other members of BOWW, during medication call-out, which allowed the members of BOWW, to gain access to the Plaintiffs un-guarded cell.

17. Upon information and belief CO Oliver failed to follow standard operating procedures promulgated by NHDOC, when opening plaintiffs' cell door (downstairs) and upstairs cell doors, simultaneously.

18. On date of August 10, 2011, plaintiff was transported to Androscoggin Valley Hospital located at 59 Page Hill Road, Berlin, NH 03570, to be treated for the injuries he sustained during the assault.

19. Androscoggin Valley Hospital provided medical services to the plaintiff as follows, (in relevant part):

EMERGENCY ROOM EVALUATION

"A 44-year-old African American male presents to AVH Emergency Room for evaluation after an assault. Patient is an inmate at the Northern New Hampshire Correctional Facility where he was assauted by 2 other inmates. Patient was beat about the head and chest."

"Head CT and maxillofacial CT reveas scalp hematoma of the occilital region measuring 13 mm in thichness. There is a comminuted fracture of the right orbital floor and medial wall with depression of fracture fragments approxinately 13 mm in the orbital floor and media displacement of the lamina papyracea by aproximately 3 mm at the medial wall. There is some hemorrhage within the orbital fats herniating into the

maxillary sinus. There is no evidence of extraocuar muscle entrapment or herniation. There is minimal hemorrhage in the interior right orbital region. There is no acute intracranial hemorrhage. No other acute fracture of the skull or visualized facial bones."

"Case discussed with plastic Surgery service at Dartmouth-Hitchcock Medical Center (Dr. Chatterjee). Recommendations were to continue with Augmentin 875 mg b.i.d. Patient is to follow up with Pastic Surgery in 5-7 days." (Attached to complaint marked as Exhibit D is a true and correct copy of Emergency Room Evaluation, Androscoggin Valley Hospital, dated 08/10/11, 2 pgs.).

20.   Plaintiffs' follow-up appointment with Dr. Chatterjee did not occur within the 5-7 day recommendation, plaintiff was transorted to Dartmouth-Hitchcock in or around August 31, 2011.

        a)   Upon arrival at Dartmouth-Hitchcock, Dr. Gary L. Freed introduced himself as the Plastic Surgeon who would be working on me. His first question to me was "what took me so long getting there?", he further commented "there was a no-show for my initial appointment and second appointment"

        b)   Post-surgery follow-up recommended by Dr. Gary Freed was also disregarded on date of September 14, 2011, by NHDOC officials, when putting me into a transport vehicle, leaving NCF to go to DHMC, for my follow-up appointment, however returning me to NCF totally disregarding the follow-up appointment.

21.   Stephen Rich was also an inmate at NCF whom was assaulted approximately one week after plaintiff was assaulted and was transported to DHMC approximately one to two weeks before plaintiff, the injuries Steven Rich sustained were not as serious as the injuries the plaintiff sustained. Steven Rich is caucasian

and plaintiff is African-American.

22.    Upon  information  and  belief,  defendant  Lt.  Masse knew  or  should  have  known  that  inmate  Jonathan  Stafford  was a  gang-member  of  BOWW  whom  if  given  an  opportunity  would  assault an African-American inmate such as plaintiff.

23.    Upon  information  and  belief,  defendant,  CO  Oliver had access to observation video of the plaintiffs' cell.

24.    Defendant  CO  Oliver  knew  or  should  have  known  that Jonathan  Stafford  had  a  violent  background  whom  was  likely  to assault his fellow African-American inmate.

25.    CO  Oliver  placed  a  known  predator,  Jonathan  Stafford, in  a  position  to  where  he  (Stafford)  could  prey  on  other  inmates, such  as  the  Plaintiff  and  Stafford  did  cause  serious  bodily injury to Plaintiff.

26.    Plaintiff  is  in  possession  of  in  or  about  (45)  forty-five  pages  of  confidential  medical  records  obtained  from Dartmouth-Hitchcock  Medical  Center  to  which  plaintiff  is  not sure  of  the  procedure  or  rules  of  evidence  to  where  these  medical records could be provided to the Court as evidence.

27.    Plaintiff  is  receiving  assistance  in  preparing  this complaint  from  an  inmate/paralegal  located  at  Northern  State Prison  in  the  State  of  New  Jersey,  where  the  Plaintiff  is currently being housed.

## VI. CAUSES OF ACTION

### Count I

**Plaintiff Was Subjected To Cruel and Unusual Punishment In
Violation of The Eighth Amendment To The Constitution;
Defendant(s) Failure-To-Protect Plaintiff**
(For inmates incarcerated in a state penal system, the right is
based on the Due Process Clause of the Fourteenth Amendment.)

28.   Plaintiff incorporates paragraphs 1 through 27 as
though they were stated fully herein.

29.   One or more of the Defendant(s) violated Plaintiff's
U.S. Constitutional Right to be free from cruel and unusual
punishment by failing to protect Plaintiff from assault by other
inmates.

30.   Plaintiff was placed in care and custody of NHDOC
and was being housed at NCF, whom is responsible for care and
custody of inmates, including plaintiff.

31.   One or more of Defendant(s) Wrenn, J. Masse, CO Oliver
and John/Jane Doe(s) are employed by NHDOC are responsible for
care and safety of inmates, such as plaintiff.

32.   On or about August 8, 2011, plaintiff was viciously,
maliciously and brutally assaulted and battered, by Jonathan
Stafford and other unknown members of BOWW, the serious physical
harm inflicted to the plaintiff, committed intentionally, either
with malice or without malice was deliberate, malicious,
sadistical, meant to cause harm to plaintiff without penological
justification.

33.   One or more of defendant's Wrenn, J. Masse, CO Oliver
and John/Jane Doe(s) allowed Jonathan Stafford and other unknown
members of BOWW, access to Plaintiff. Jonathan Stafford   and

other unknown members of BOWW caused serious physical bodily injuries to Plaintiff.

34. The acts of one or more of defendant(s) Wrenn, J. Masse, CO Oliver and John/Jane Doe(s), subjected Plaintiff to cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments of the United States Constitution.

**Count II**

**Plaintiff Was Denied Due Process Under The Fourteenth Amendment To The Constitution; Equal Protection**

35. Plaintiff incorporates paragraphs 1 through 34 as though they were stated fully herein.


36. One or more of defendants Wrenn, J. Masse, CO Oliver and John/Jane Doe(s) violated Plaintiff's Fourteenth Amendment rights to due process (Equal Protection) by failing to transport the Plaintiff to his scheduled medical appointment in a timely manner; treating Plaintiff differently as other inmates (Stephen Rich) simiarly situated were treated.

37. Stephen Rich an caucasian, whom was assaulted after the Plaintiff was assaulted, was transported to the hospital for medical treatment, before the Plaintiff, whom is an African-American. Stephen Rich's injuries were not as serious as the Plaintiff's.

38. On one such date Plaintiff was placed in a transport vehicle to be delivered to DMMC for a scheduled appointment, however, one or more of defendant(s) John/Jane Doe(s) made a decision to not deliver the Plaintiff to his scheduled appointment, turned the transport vehicle around, and delivered

Plaintiff back to NCF

39.   One or more of Defendant(s) Wrenn, J. Masse, CO Oliver and John/Jane Doe(s) treated Plaintiff differently because of his race.

### VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court:

A.  Declare that the acts and omissions described herein violated Plaintiff's rights under the Constitution and laws of the United States;

B.  Order Defendants to pay compensatory and punitive damages;

C.  Order Defendants to pay reasonable attorney fees and costs; and

D.  Grant other just and equitable relief that this Honorable Court deems necessary.

Respectfully submitted,

Ivan Mosi Pickens
Northern State Prison
168 Frontage Road
Newark, NJ 07114

Dated: December 18, 2013

### VERIFICATION

Pursuant to 28 U.S.C. § 1746, I declare and verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 18, 2013.

By:_____
Ivan Mosi Pickens

*Received* 9/4/11

## INMATE REQUEST SLIP

Submit this request to the Unit Supervisor, Security Lieutenant, or CC/CM.  Your Unit Supervisor, Security Lieutenant, or CC/CM will help you resolve the issue or it will be forwarded to the appropriate person. Unit Supervisor, Security Lieutenant, or CC/CM will be forwarded to you.

TO: Unit Supervisor, Security Lieutenant,  CC/CM

DATE: 8-25-11

FROM: Pickens          Ivan          M

| Last Name | First Name | Middle Initial |
|---|---|---|

ID #: 79520

NCF          HSC

| Facility | Housing Unit | Cell | Work/Shift |
|---|---|---|---|

INMATE REQUEST: I am in Need of grievance form(s). Reason being: on Inmate Req. Slip dated 8-18-11 Sgt. J. Masse, responded, dated, 8-22-11 st-ting "an absolute lie : "If you were, also assaulted and have not been cooperative with your investigation. This has left security in the position of defending you against unknown inmates." Prior to 8-22-11 when Sgt J. Masse stated the aforementioned I was interviewed by Lt. Newton and a Sgt. who works in Investigation. All of my statements were recorded. Even prior the recorded statements there's the written statements I authored so there No such thing as "unknown inmates." Plus, video footage

(If you need more space, use plain paper.) of the cell I occupied on 8-9-11 @ D-Med call will answer all questions.

*Ivan P.I.*
*Inmate Signature*

TO: Warden

DATE: 8-25-11

FROM: Unit Supervisor, Security Lieutenant or CC/CM

REMARKS: _____

_____

*Staff Signature*

*************************************************************************

FROM: Chris Kench

Staff Member Name/Office

DATE: 9/16/11

REMARKS: So, you expect me to find and send you a Grievance Form? No. See your Unit Lt.

_____

_____

*Chris Kench*
*Staff Signature*

Received By *Ivan P.I.*
*Inmate Signature*

**EXHIBIT A**

| White - Offender Records Office | Yell | Staff | SP-014 (a) Rev 11/06 |
|---|---|---|---|

*Received 9/26/11*

F 8

# GRIEVANCE FORM
### (See Reverse For Instructions)

DEPARTMENT OF CORRECTIONS
STATE OF NEW HAMPSHIRE
P.O. Box 14
CONCORD, NEW HAMPSHIRE  03302

*cc'd SHU*

JEANNE SHAHEEN
GOVERNOR

COMMISSIONER

2. **GRIEVIANT:** Ivan Pickens

1. Date: 9-23-11
3. Number: 19525

4. Address: 138 _____ _____ NH 03570

5. Brief Description of Grievance: I wrote in Aug '11 July 19-11 to the U.M. of CCU. Lt. J.P ____ responded 9-19-11. I now file this grievance. On 8-9-11 while in CCU the CO opened my cell so the inmates could make me the victim of a hate crime.. I was victimized, savagely attacked/assaulted by a group of inmates (who is racist) _____ IA _____ protection. I feel the CO was afraid too and sw/ the inmates by opening my cell so they could do what they did.

Signature: *Ivan Pickens*
(You will be penalized if statement is untrue)

(Use Attachments if necessary.)

To:  **DIRECTOR** (Warden)                Date of Director's Action: _____

Director's Action: _____

Authentication: _____

To:  **COMMISSIONER**                Date of Commissioner's Action: 10/4/11

Commissioner's Action: On what evidence do you base your accusation? I would need some evidence to even begin looking into this matter.

Authentication: *Chris Kench*

(FORWARD ALL THREE COPIES.  WHITE WILL BE FILED IN OFFENDER RECORDS, CANARY TO RESPONDER AND PINK TO GRIEVANT.)

SP-52                                **EXHIBIT B**



# State of New Hampshire
# Dept. of Corrections
## PAR Notification and Review Form



William Wrenn
Commissioner

To: | Pickens, Ivan | ID No. | 79520 | Unit: | Northern Correctional Facility ▼

You are being placed in Administrative Review Status pending. | Transfer ▼

In addition, you will serve | n/a | days in punitiive segregation.

If you disagree with this move, you have 48 hours to write to the facility Chief of Security's office with the reasons why you believe you should not have been moved.

**Specific Details:** Inmate has pled guilty to threatening staff and inmates. He was assaulted by BOWW and has vowed retaliation. Mental Health states he will carry out this threat. He cannot be safely housed at NCF.

You are being moved to: | Special Housing Unit ▼

Authorized By: | Lt. J. Masse'

Note: Ensure that the Inmate receives a copy of this notice.

Shift Commander: | Lt. J. Masse'

Date: | September 30, 2011

| PAR Review Date | Initials | Comment (**REQUIRED**) |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

Distribution via e-mail: Receiving Unit

Classification Dept. (Sending&Receiving)

Offender Records (D. Heath)

Shift Commander

Investigations

Unit Manager (Sending&Receiving)

CC/CM (Sending&Receiving)

Property Dept. (Sending&Receiving)

Warehouse

Canteen

Hard Copies to: Inmate (This form only)
Receiving Facility   (if applicable)
Shift Commander   (if applicable)

NHDOC PAR EF001 10/08

**EXHIBIT C**

ANDROSCOGGIN VALLEY HOSPITAL
59 PAGE HILL ROAD
BERLIN, NH 03570
(603) 752-2200

## EMERGENCY ROOM EVALUATION
08/10/11

Pt Name: PICKENS,IVAN
Date of Birth: 09/09/1966          Record #: M080413          Room:
Dictating Practitioner: Arthur A Ruediger, DO

CHIEF COMPLAINT
Assault.

HISTORY OF PRESENT ILLNESS
A 44-year-old African American male presents to AVH Emergency Room for evaluation after an assault. Patient is
an inmate at the Northern New Hampshire Correctional Facility where he was assaulted by 2 other inmates.
Patient was beat about the head and chest. There was loss of consciousness for an unknown amount of time.
Tetanus immunization is unknown. Patient is complaining of head and chest discomfort. He denies any numbness,
tingling, or weakness.

PAST MEDICAL HISTORY
Unremarkable.

Tetanus immunization is up-to-date.

PAST SURGICAL HISTORY
None.

MEDICATIONS
None.

ALLERGIES
No known drug allergies.

SOCIAL HISTORY
The patient is an inmate at the Northern New Hampshire Correctional Facility.

REVIEW OF SYSTEMS
As per HPI.

PHYSICAL EXAMINATION
GENERAL: A 44-year-old African American male who appears in moderate discomfort. He is alert.
VITAL SIGNS: Temp 100, pulse 97, respiratory rate 16, blood pressure 156/79.
HEENT: Bilateral periorbital swelling (right greater than left). Left pupil is reactive. Right pupil is unable to be
assessed secondary to increased swelling. The conjunctiva is injected. Extraocular muscles appear intact. TMs
pearly white bilaterally. No hemotympanum or Battle sign. There is an occipital hematoma. There is a fractured
tooth (tooth #9). There is also chipped teeth of the lower dentition. No erythema of the posterior pharynx. Mucous
membranes moist. Lacerations x3 of the periorbital region (left 2, right 1): see skin exam.
NECK: Supple. No lymphadenopathy.
HEART: Regular. No murmur.
LUNGS: Clear to auscultation. No rales, rhonchi, or wheeze.
ABDOMEN: Soft. Nontender. Nondistended. Bowel sounds present. No hepatosplenomegaly or mass.
EXTREMITIES: No clubbing, cyanosis, or edema.
CHEST: Reproducible chest discomfort with palpation of the sternal region. No crepitance is felt.

RECEIVED
AUG 10 2011
NCF MEDICAL

EXHIBIT D

ANDROSCOGGIN VALLEY HOSPITAL
59 PAGE HILL ROAD
BERLIN, NH 03570
(603) 752-2200

## EMERGENCY ROOM EVALUATION
08/10/11

Pt Name: PICKENS,IVAN
Date of Birth: 09/09/1966          Record #:  M080413          Room:
Dictating Practitioner: Arthur A Ruediger, DO

---

NEURO: Strength equal +5/5. Deep tendon reflexes +2/4. No sensory deficits.
SKIN: As mentioned, there are 3 periorbital lacerations. The right periorbital laceration measures 2 cm in length. This area was prepped with Betadine and infused with 1% lidocaine with buffer x 5 cc. Laceration was then further cleansed with normal saline and repaired using 5-0 Ethilon in an interrupted fashion x 5 sutures. There are 2 lacerations of the left periorbital region. The first measuring 2 cm in length. This area was anesthetized with 3 cc of 1% lidocaine with buffer. The laceration was then cleansed with normal saline and repaired using 5-0 Ethilon in an interrupted fashion x5 sutures. The other laceration measures 1.5 cm and was anesthetized with 2 cc of 1% lidocaine with buffer. The laceration was then cleansed with normal saline and repaired using 5-0 Ethilon x4 sutures in an interrupted fashion. Bacitracin was then applied to the sites. The patient tolerated the procedure well.

DATA
Head CT and maxillofacial CT reveals scalp hematoma of the occipital region measuring 13 mm in thickness. There is a comminuted fracture of the right orbital floor and medial wall with depression of fracture fragments approximately 13 mm in the orbital floor and medial displacement of the lamina papyracea by approximately 3 mm at the medial wall. There is some hemorrhage within the orbital fats herniating into the maxillary sinus. There is no evidence of extraocular muscle entrapment or herniation. There is minimal hemorrhage in the inferior right orbital region. There is no acute intracranial hemorrhage. No other acute fracture of the skull or visualized facial bones.

ASSESSMENT
1.  Head injury.
2.  Bilateral periorbital lacerations.
3.  Right orbital wall fracture.

PLAN
Repair of lacerations as above. The patient was provided with fentanyl 50 mcg IM for pain control. Prior to discharge, the patient was provided with Percocet 5/325 p.o. and Augmentin 875 mg p.o. Case discussed with Plastic Surgery service at Dartmouth-Hitchcock Medical Center (Dr. Chatterjee). Recommendations were to continue with Augmentin 875 mg b.i.d. Patient is to follow up with Plastic Surgery in 5-7 days. Cool compress to affected areas (no ice) for pain/swelling. Will continue with Percocet 5/325 1-2 tablets q. 4-6 hours p.r.n. pain. Plan for suture removal in 7 days. Neuro checks q. 1 hour x4 hours, then q. 2 hours x 4 hours, then q. 4 hours until completion of 24 hours of monitoring. Patient was discharged back to the prison infirmary.

Dictated: Arthur A Ruediger, DO  08/10/11 0258
Transcribed: FORNE 08/10/11 0802

CC: