```
            UNITED STATES DISTRICT COURT
          FOR THE DISTRICT OF NEW HAMPSHIRE
```

Ivan Mosi Pickens

   v.                                         Civil No. 14-cv-028-SM

New Hampshire Department of
Corrections, William Wrenn,
Commissioner, et al.[1]

### REPORT AND RECOMMENDATION

Before the Court is Plaintiff Ivan Mosi Pickens's Complaint Addendum (doc. no. 14).[2] The Complaint Addendum is here for preliminary review, pursuant to 28 U.S.C. § 1915A and LR 4.3(d)(1).

### BACKGROUND

The Court, on April 25, 2014, issued an Order (doc. no. 6)

---

[1] Defendants listed in Pickens's original Complaint (doc. no. 1) are New Hampshire Department of Corrections Commissioner William Wrenn; Northern New Hampshire Correctional Facility ("NCF") Corrections Officer ("C.O.") Oliver, whose first name is unknown ("FNU"); NCF Lt. J. Masse; and unnamed NCF employees. In his Complaint Addendum (doc. no. 14), Pickens names NCF Nurse Judy Baker and NCF Nurse Ryan Landry as defendants and further identifies three of the unnamed defendants as: the individual acting as NCF Warden on August 9, 2011; NCF C.O. FNU King, a transport officer; and a second NCF transport officer, whose name remains unknown.

[2] In the Order issued simultaneously with this Report and Recommendation, the Court has directed the clerk to re-docket Document No. 14 as the Complaint Addendum, to reflect that it is intended to supplement and not replace the allegations in the original Complaint (doc. no. 1).

finding that Pickens's original Complaint (doc. no. 1) contained cognizable claims for relief.  The Court accordingly directed service on Defendants Wrenn, Masse, and Oliver.  The Court also granted Pickens six months to file an amended complaint naming the defendants identified in the docket as "John/Jane Does."

Pickens's filed his response (doc. no. 14) to the April 25 Order, in which he further identified the "John/Jane Does" as follows:

- "John Doe 1" was the Acting Northern New Hampshire Correctional Facility ("NCF") Warden on August 9, 2011;

- "John Doe 2" is NCF C.O. King, a transport officer whose first name is unknown; and

- "John Doe 3" was a second NCF transport/corrections officer, whose name remains unknown.

In the Complaint Addendum (doc. no. 14), Pickens also added NCF Nurses Judy Baker and Ryan Landry as named defendants.  The Complaint Addendum (doc. no. 14) is before this Court for preliminary review, pursuant to 28 U.S.C. § 1915A and LR 4.3(d)(1).

## **STANDARD**

For the purposes of this Court's preliminary review of prisoner pleadings, conducted pursuant to 28 U.S.C. § 1915A and LR 4.3(d)(1), the Court construes the pleading liberally in

2

determining whether it states a claim.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Disregarding any legal conclusions, the Court considers whether the factual content in the pleading and inferences reasonably drawn therefrom, taken as true, state a plausible claim to relief.  Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

## BACKGROUND

Pickens's claims relate to events occurring when he was a prisoner at NCF.  Pickens, who is African-American, alleges that on August 8, 2011, in a manner contrary to standard operating procedures, Corrections Officer ("C.O.") Oliver simultaneously opened Pickens's cell door and upstairs cell doors in the Close Custody Unit ("CCU"), allowing known members of a prison gang called the Brotherhood of White Warriors ("BOWW") to gain access to Pickens's cell, and to attack him, causing serious injury to Pickens.

Pickens quotes and files as exhibits medical records dated August 10, 2011, see Doc. No. 1, at 18-19, which describe his injuries, and recommend that Pickens be scheduled for an appointment with the plastic surgery department in 5-7 days.

Id. at 19.  Pickens asserts that the follow-up surgery appointment did not occur within that five to seven day time period; rather, the appointment occurred three weeks later, on August 31, 2011.  Pickens alleges that NCF Nurse Judy Baker cancelled two prior appointments, also cancelled a September 14, 2011, post-surgical appointment.  Further, Pickens alleges that C.O. King and another transport officer, John Doe 3, after putting Pickens into a transport van and starting to drive him to an appointment, abruptly turned around and brought Pickens back to NCF.  Pickens attributes the irregularities in the transport and the cancellation of his appointments to race discrimination; he contrasts his treatment with that of a white inmate, Stephen Rich, who received timely care from off-site providers for less severe injuries sustained in an inmate assault a week later than Pickens.

## CLAIMS

The original Complaint (doc. no. 1) and Complaint Addendum (doc. no. 14), considered together, assert the following claims:

> 1.  Defendants, including C.O. Oliver, violated Pickens's Eighth Amendment right to be protected from a substantial risk of serious harm while incarcerated when, on August 9, 2011, C.O. Oliver opened upstairs CCU cell doors and Pickens's door simultaneously, contrary to standard operating procedures and, with deliberate indifference to a risk of substantial harm to Pickens, allowed a known

4

>    predatory member of BOWW, a white supremacist prison gang, to gain access to Pickens's cell and to assault Pickens.
>
>    2.   Defendants, including NCF Nurse Judy Baker, NCF C.O. King, and/or John Doe 3, violated Pickens's Fourteenth Amendment equal protection rights by discriminating against Pickens on the basis of his race, in that (a) Baker cancelled or delayed Pickens's appointments for surgery and post-surgical care; and (b) C.O. King and John Doe 3 did not transport Pickens to scheduled appointments, causing delays in his treatment, without similarly cancelling appointments, failing to transport, or otherwise delaying the care provided to a similarly-situated white inmate who had been less severely injured in an inmate assault one week after Pickens.

Pickens seeks declaratory relief and damages under 42 U.S.C. § 1983 against defendants in their individual and official capacities.

## DISCUSSION

### I.   Official Capacity Claims

The Eleventh Amendment bars 42 U.S.C. § 1983 suits against state actors sued in their official capacities. See Davidson v. Howe, 749 F.3d 21, 27-28 (1st Cir. 2014). New Hampshire has not waived its immunity as to the type of claims asserted here. See Barrett v. Coplan, 292 F. Supp. 2d 281, 287 (D.N.H. 2003). Accordingly, the District Judge should dismiss Pickens's official capacity claims.

### II.   Failure to Protect (Claim 1)

On April 25, 2014, this Court directed service of the

Eighth Amendment "failure to protect" claim (identified above as Claim 1). The allegations in the Complaint Addendum (doc. no. 14) do not alter this Court's conclusion that Pickens has stated a plausible claim for relief for an Eighth Amendment violation, set forth in Claim 1, against Defendant Oliver.

### III. Equal Protection (Claim 2)

On April 25, 2014, this Court directed service of the Fourteenth Amendment equal protection claim (identified above as Claim 2). The allegations in the Complaint Addendum (doc. no. 14) further identify individual defendants to that claim. Accordingly, in the Order issued simultaneously with this Report and Recommendation, the Court has directed service of Claim 2, above, upon NCF Nurse Judy Baker, NCF C.O. King, and John Doe 3.

### IV. NCF Nurse Landry

Pickens has alleged, in a conclusory manner, that NCF Nurse Ryan Landry "participated in" race discrimination then attempted a "cover-up" by "claiming ignorance," in that Landry "allow[ed]" white inmate Stephen Rich's medical needs "to take precedence over Plaintiff's." Doc. No. 14, at 5. The allegations relating to Landry, stripped of legal conclusions, fail to show that Landry may be held liable for any differential treatment of Pickens's based on his race, or for otherwise violating

6

Pickens's federal rights.  The District Judge should dismiss all claims asserted against Landry, and Landry should be dismissed from this action.

## V. Wrenn, NCF Acting Warden/John Doe 1, and Masse

Pickens's claims against William Wrenn, the NCF Acting Warden (John Doe 1), and NCF Lt. Masse are based on their roles as supervisors of one or more of the defendants in this action, and as officials responsible for the care and custody of NCF inmates.  Pickens's allegations, however, when stripped of legal conclusions, do not show that those supervisors engaged in any conduct or inaction giving rise to liability.  See generally Ashcroft, 556 U.S. at 677; Grajales v. P.R. Ports Auth., 682 F.3d 40, 47 (1st Cir. 2012) (supervisors liable under § 1983 only if they engaged in "'supervisory encouragement, condonation or acquiescence[,]++++++ or gross negligence . . . amounting to deliberate indifference'" (citation omitted)).  Accordingly, the District Judge should dismiss all claims asserted against Defendants Masse, Wrenn, and the Acting NCF Warden ("John Doe 1"), and those defendants should be dismissed from this action.

## CONCLUSION

For the foregoing reasons, the District Judge should dismiss all claims asserted against Defendants in their official

7

capacities. The remaining claims asserted against Defendants NCF Lt. Masse, William Wrenn, the Acting NCF Warden ("John Doe 1"), and NCF Nurse Ryan Landry should be dismissed, and those parties should be dismissed as defendants from this action.

In the Order issued simultaneously with this Report and Recommendation, the Court has directed service of the Complaint (doc. no. 1) and Complaint Addendum (doc. no. 14), upon Defendants Baker, King (previously identified as "John Doe 2"), and the unnamed John Doe transport officer identified as "John Doe 3." The Court, in that Order this date, has further directed those Defendants, as well as Defendant Oliver, to answer or otherwise respond to the supplemental allegations set forth in the Complaint Addendum (doc. no. 14).

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the District Court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are

precluded on appeal).

_____
Andrea K. Johnstone
United States Magistrate Judge

September 9, 2014

cc: Ivan Mosi Pickens, pro se
    Lynmarie C. Cusack, Esq.
    Nancy J. Smith, Esq.