UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Ivan Mosi Pickens</u>

    v.     Civil No. 14-cv-028-SM

<u>New Hampshire Department of
Corrections, William Wrenn,
Commissioner, et al.</u>[1]

**O R D E R**

Before the Court is Document No. 14, which Pickens entitled "Amended Complaint," and filed in response to this Court's April 25, 2014, Order (doc. no. 6). Document No. 14 is here for preliminary review, pursuant to 28 U.S.C. § 1915A and LR 4.3(d)(1).

**I. Redocketing Document No. 14 as "Complaint Addendum"**

Liberally construing the pro se pleadings, the Court concludes that the allegations set forth in Document No. 14 are intended to supplement, and not supplant, the claims and factual

---

[1] Defendants listed in Pickens's original Complaint (doc. no. 1) are New Hampshire Department of Corrections Commissioner William Wrenn; Northern New Hampshire Correctional Facility ("NCF") Corrections Officer ("C.O.") Oliver, whose first name is unknown ("FNU"); NCF Lt. J. Masse; and unnamed NCF employees. In his Complaint Addendum (doc. no. 14), Pickens names NCF Nurse Judy Baker and NCF Nurse Ryan Landry as defendants and further identifies three of the unnamed defendants as: the individual acting as NCF Warden on August 9, 2011; NCF C.O. FNU King, a transport officer; and a second NCF transport officer, whose name remains unknown.

allegations in the original Complaint (doc. no. 1). Therefore, the Court directs the Clerk to redocket Document No. 14 as a "Complaint Addendum."

## II.  Service on Baker, King, and John Doe 3

For reasons stated in the Report and Recommendation issued this date ("R&R"), the Court directs service upon the following Defendants: NCF Nurse Judy Baker; NCF Corrections Officer ("C.O.") King; and a second NCF transport officer, identified as "John Doe 3." The Clerk is directed to serve electronic copies of this Order, the R&R; the original Complaint (doc. no. 1); and the Complaint Addendum (doc. no. 14), on the New Hampshire Office of the Attorney General ("AG"), as provided in the Agreement on Acceptance of Service.

Within thirty days from receipt of these materials, the AG must submit an Acceptance of Service notice to the Court specifying whether it agrees to represent Baker, King, and John Doe 3, and whether Baker and King have authorized the AG to receive service on their behalf. When the AG files the Acceptance of Service, service will be deemed made on the last day of the thirty-day period for any defendant who accepts AG representation.

If Baker or King does not authorize the AG to receive

2

service on his or her behalf, or the AG declines to represent either of them, or John Doe 3, the AG shall, within thirty days from receipt of the aforementioned materials, provide the relevant Defendant's last known address to the Court. In that event, the Clerk is instructed to complete and issue a summons for that Defendant, using the last known address provided, and forward the summons, along with the documents listed above, to the United States Marshal for the District of New Hampshire, to complete service pursuant to Fed. R. Civ. P. 4(c)(3) and 4(e).

III. **Deadline for Filing Answer**

Defendants Baker, King, and John Doe 3 are instructed to answer or otherwise plead within twenty-one days of service. See Fed. R. Civ. P. 12(a)(1)(A). The Court further directs Defendant Oliver to answer or otherwise respond to the supplemental allegations set forth in the Complaint Addendum (doc. no. 14), with respect to Claims 1 and 2, as identified in the R&R, by September 30, 2014.

SO ORDERED.

_____
Andrea K. Johnstone
United States Magistrate Judge

September 9, 2014

cc: Ivan Mosi Pickens, pro se

3

Lynmarie C. Cusack, Esq.
Nancy J. Smith, Esq.