**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


Ivan Mosi Pickens


    v.                                    Civil No. 14-cv-028-SM


New Hampshire Department of
Corrections Commissioner et al.


**REPORT AND RECOMMENDATION**


Before the court are Ivan Mosi Pickens's motions to amend
(doc. nos. 33 and 35) the complaint by filing the following
documents: Supplemental Complaint (doc. no. 33-1), Amended
Complaint (doc. no. 35-1), and the addendum to Pickens's motion
for leave to file an Amended Complaint (doc. no. 41).  He has
also moved for leave to withdraw his Complaint Addendum (doc.
no. 31).  For reasons set forth below, the undersigned
Magistrate Judge recommends that the District Judge grant the
request to withdraw Document No. 31, thereby rendering moot
defendants' answer/objection thereto (doc. no. 32); and grant,
in part, the motions to amend the complaint (doc. nos. 33 and
35), as stated in the conclusion of this Report and
Recommendation.

**Standard**

The court may grant leave to amend a complaint upon motion,
and the court "should freely give leave when justice so
requires."  Fed. R. Civ. P. 15(a)(2).  A motion to amend may be
denied "for any adequate reason apparent from the record,"
including futility of the proposed amendment.  Todisco v.
Verizon Commc'ns, Inc., 497 F.3d 95, 98 (1st Cir. 2007)
(internal quotation marks and citation omitted).  In evaluating
whether a pro se prisoner's proposed complaint amendment states
any claim for relief, the court applies the same standard
applied in its initial preliminary review of the pleadings, set
forth in the September 9, 2014, Report and Recommendation (doc.
no. 23).  See generally Adorno v. Crowley Towing & Transp. Co.,
443 F.3d 122, 126 (1st Cir. 2006).

**Background**

Pickens's claims relate to events that occurred when he was
a prisoner at the Northern New Hampshire Correctional Facility
("NCF").  Pickens, an African-American, alleges that in August
2011, Corrections Officer ("C.O.") Terry Oliver allowed members
of a white supremacist prison gang to assault Pickens.  Pickens
has further alleged that, motivated by racial discrimination,
Nurse Judy Baker, C.O. Robert King, Cpl. Jason Goyette, and

2

other NCF officers interfered with Pickens's timely receipt of medical attention for his injuries resulting from that assault.

Following this court's preliminary review of the original complaint and the first addendum thereto, the court allowed an Eighth Amendment failure to protect claim (Claim 1) and a Fourteenth Amendment equal protection claim (Claim 2), to proceed against defendants Oliver, King, Baker, and Goyette (then identified only as "John Doe 3"), in their individual capacities.  See Sept. 9, 2014, Order (doc. no. 24).  Pickens next filed his Complaint Addendum (doc. no. 31) - to which defendants objected (doc. no. 32) – and two subsequent motions (doc. nos. 33 and 35) seeking leave to add claims, allegations, and defendants, and to withdraw the Complaint Addendum (doc. no. 31).  Thereafter, Pickens filed a further complaint addendum, along with exhibits, see Doc. No. 41, which the court docketed as an addendum to Document No. 35.

## Claims

The claims asserted in the original complaint, as supplemented by Document Nos. 33-1, 35-1, and 41, are the following:

    1.   Defendants C.O. Terry Oliver; C.O. K. Griffin; C.O. R. Jesseman; C.O. McFarland, whose first name is unknown

("FNU"); and C.O. FNU Wedge failed to protect Pickens, in violation of his Eighth Amendment rights when, on August 9, 2011, with deliberate indifference to a substantial risk of serious harm to Pickens, defendants took action that allowed a known predatory member of a white supremacist prison gang to gain access to Pickens's cell and to assault Pickens, in that:

> a.    Jesseman, Griffin, McFarland, Oliver, and Wedge caused upstairs cell doors and Pickens's door to be opened simultaneously, contrary to standard operating procedures; and

> b.    Jesseman, Griffin, McFarland, and Wedge failed to make rounds for more than four hours, contrary to standard operating procedures.

2.    Defendants NCF Nurse Judy Baker, Cpl. Jason Goyette, C.O. FNU Kelley, C.O. Robert King, C.O. FNU McCann, and Sgt. D. Wilson violated Pickens's Fourteenth Amendment equal protection rights by discriminating against Pickens on the basis of his race, in that, without similarly cancelling appointments, failing to transport, or otherwise delaying the care provided to a similarly-situated white inmate who had been less severely injured in an inmate assault one week after Pickens:

> a.    Baker cancelled or delayed Pickens's appointments for surgery and post-surgical care, in August 2011 and on September 14, 2011; and

> b.    Goyette, Kelley, King, McCann, and Wilson did not cause Pickens to be transported to scheduled plastic surgery and follow-up appointments, in August 2011 and/or on September 14, 2011, causing delays in his treatment.

3.    Defendant NCF Nurse Judy Baker and Sgt. D. Wilson violated Pickens's Eighth Amendment rights in that, with deliberate indifference to a substantial risk of serious harm to Pickens:

> a.    Baker cancelled or delayed Pickens's appointments for surgery and post-surgical care for facial

4

injuries, prior to August 31, 2011, and/or on
September 14, 2011; and

b.    Wilson did not arrange for Pickens to be
transported for surgery and post-surgical care for
facial injuries, prior to August 31, 2011, and/or on
September 14, 2011.

## Discussion

### I.   Complaint Addendum (Doc. No. 31)

Pickens has requested leave to withdraw the complaint

addendum (doc. no. 31) filed in November 2014.  The court should

grant that request in light of Pickens's filing of three

complaint addenda thereafter (doc. nos. 33-1, 35-1, and 41),

which substantially reiterate many of the facts alleged in

Document No. 31.

### II.  New Parties to Claims 1 and 2

In Document No. 33-1, 35-1, and 41, Pickens identifies

"John Doe 3" as Cpl. Jason Goyette.  He also names defendants to

Claim 1 (C.O. FNU Wedge; C.O. K. Griffin; C.O. FNU McFarland;

and C.O. R. Jesseman), and defendants to Claim 2 (C.O. FNU

McCann, C.O. FNU Kelley, and Sgt. D. Wilson).  Pickens asserts

that those newly-identified parties violated his rights in the

same manner, as previously alleged as to defendants Oliver,

King, and Goyette.

The interests of justice are generally served if all of Pickens's claims arising out of the same sets of facts are considered together.  Adding those defendants to this action at this stage of the case will not result in unfair prejudice to defendants who have previously appeared.  Accordingly, in an order issued on this date, the court has directed that each of those new defendants be served with respect to Claims 1 and/or 2, subject to defendants' ability to move to dismiss on any ground, including the statute of limitations and whether the relation-back doctrine applies.

## III.  Eighth Amendment Medical Care Delay Claims

### A.   Standard

In Document Nos. 35-1 and 41, Pickens seeks to add Eighth Amendment medical care claims to this action, relating to delays in the care he received for facial injuries.  The Eighth Amendment protects an inmate from deliberate indifference to that inmate's serious medical needs.  See Farmer v. Brennan, 511 U.S. 825, 831 (1994).  To state a claim for the failure to provide medical care, or for delaying the inmate's access to such care if the delay presents a substantial risk of serious harm, the inmate must assert facts to demonstrate that prison officials acted with deliberate indifference.  See id. at 834;

6

Leavitt v. Corr. Med. Servs., 645 F.3d 484, 497 (1st Cir. 2011).

"'To demonstrate deliberate indifference a plaintiff must show

(1) a grave risk of harm, (2) the defendant's actual or

constructive knowledge of that risk, and (3) his failure to take

easily available measures to address the risk.'"   Penn v.

Escorsio, 764 F.3d 102, 110 (1st Cir. 2014) (citation omitted),

petition for cert. filed, No. 14-709, 2014 WL 7366910 (U.S. Dec.

15, 2014).

    B.   NCF Nurse Judy Baker

Pickens has alleged that NCF Nurse Judy Baker postponed one

or more appointments that had been scheduled between August 10

and August 30, 2011, and cancelled a September 14, 2011, follow-

up appointment concerning Pickens's August 31, 2011, surgery.

Those facts, added to those alleged regarding the extent of

Pickens's injuries and the consulting physicians' recommended

appointment schedule, give rise to a reasonable inference that

Nurse Judy Baker was aware of a substantial risk of serious harm

to Pickens if the appointments did not occur at the times

specified by the plastic surgeons and consulting physicians.

Pickens's Eighth Amendment claim against Baker (Claim 3(a))

is based on facts that are also predicates to Claim 2(a), which

this court previously ordered served.  Adding that claim to this

action will not unduly prejudice Baker.  Accordingly, in the
order issued this date, the court has directed Baker to answer
or otherwise respond to an Eighth Amendment claim relating to
her conduct in rescheduling or cancelling Pickens's plastic
surgery and follow-up appointments.

    C.   <u>Sgt. D. Wilson</u>

Pickens has alleged that he suffered serious injuries to
his face on August 9, 2011; that upon his discharge from the
emergency department on that date, it was recommended that he
return for plastic surgery in five to seven days; that he did
not undergo plastic surgery until August 31, 2011; and that his
Dartmouth Hitchcock Medical Center ("DHMC") plastic surgeon, Dr.
Gary Freed, complained about the delays to the NCF officer in
charge, who explained that two officers were needed for
transporting a prisoner; and that Dr. Freed specifically
emphasized that it was important that Pickens come back for a
post-surgical follow-up appointment on September 14, 2011.
Pickens has alleged facts indicating that Sgt. D. Wilson was
aware of the recommended treatment schedule and Dr. Freed's
complaints.  Pickens has further alleged that NCF officials, at
Wilson's direction, did not transport him for a follow-up
appointment as scheduled, and that Sgt. Wilson, aware of the

September 14 follow-up appointment, specifically arranged for

Pickens to be transferred to the New Hampshire State Prison in

Concord, New Hampshire, on September 14, 2011, without attending

the DHMC appointment.

Construing the pleadings liberally, the court concludes

that the Pickens has stated an Eighth Amendment medical care

claim based on allegations that Sgt. Wilson was subjectively

aware of a substantial risk of serious harm to Pickens if he did

not go to the appointments on the dates scheduled, and that

Wilson failed to take reasonable steps to alleviate that risk.

Accordingly, in the order issued this date, the court has

directed Wilson to answer or otherwise respond to an Eighth

Amendment claim relating to Wilson's conduct and knowledge

relating to Pickens's medical needs, without prejudice to

Wilson's ability to move to dismiss on any appropriate ground,

including the statute of limitations and whether the relation-

back doctrine applies.

D.   Other NCF Officers

Stripped of legal conclusions, Pickens's allegations do not

state a claim that any other NCF transport or corrections

officer was subjectively aware of a substantial risk of serious

harm to Pickens if he did not appear for: (a) surgery as

scheduled before August 31, 2011, or (b) the September 14, 2011,

follow-up appointment, or that any officer other than Wilson

failed to take reasonable measures to abate a known, substantial

risk of harm.  Accordingly, the motion to add Eighth Amendment

claims against transport and corrections officers, other than

Wilson, relating to delays in transporting Pickens for

treatment, should be denied.

## Conclusion

For the foregoing reasons, the district judge should accept

this Report and Recommendation (hereinafter "January 2015 R&R")

and should issue the following order:

> 1.   The January 2015 R&R is approved.

> 2.   Pickens's request for leave to withdraw Document
> No. 31 is granted.  Defendants' Objection to Document No.
> 31 (doc. no. 32) is deemed moot, without prejudice to
> defendants' ability to raise the same grounds asserted
> therein as affirmative defenses or as grounds for dismissal
> of any claims in this action.

> 3.   The two motions (doc. nos. 33 and 35) to amend
> the complaint are granted, in part, to the extent
> consistent with the January 2015 R&R and are otherwise
> denied.  In particular, the court denies those motions to
> the extent they seek to add Eighth Amendment medical care
> claims against any NCF officer or employee, other than
> Nurse Judy Baker or Sgt. D. Wilson, relating to delays in
> Pickens's medical care and treatment in August and
> September 2011.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).


Andrea K. Johnstone
United States Magistrate Judge


January 9, 2015

cc:   Ivan Mosi Pickens, pro se
      Lynmarie C. Cusack, Esq.
      Nancy J. Smith, Esq.